**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **THOMAS E. PEREZ,**[*] Secretary of Labor, United States Department of Labor, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **3:13-CV-2484-L** |
| **CHRIS LeBLANC; DAVID LeBLANC; DOCTORS HOSPITAL OF SHREVEPORT 401(k) PLAN; DOCTORS HOSPITAL OF SHREVEPORT EMPLOYEE HEALTH PLAN; DOCTORS HOSPITAL OF SHREVEPORT DENTAL PLAN; DOCTORS HOSPITAL OF SHREVEPORT VISION PLAN; and DOCTORS HOSPITAL OF SHREVEPORT DISABILITY PLAN,** | § § § § § § § § § § § § § | |
| Defendants. | § | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Before the court is the Motion for Default Judgment of Thomas E. Perez, Secretary of Labor, filed April 14, 2014. After careful consideration of the motion, brief, record, exhibits, and applicable law, the court **grants** the Motion for Default Judgment.

**I.     Background**

On June 28, 2013, Plaintiff initiated a cause of action under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 *et seq.*, ("ERISA") by filing a Complaint. Doctors

---

[*] Originally, Seth D. Harris, Acting Secretary of the United States Department of Labor ("DOL"), was named as Plaintiff in his official capacity. Later, Thomas E. Perez was appointed Secretary of DOL, and he was automatically substituted as Plaintiff pursuant to Federal Rule of Civil Procedure 25(d).

**Memorandum Opinion and Order – Page 1**

Hospital of Shreveport 401(k) Plan, Doctors Hospital of Shreveport Employee Health Plan, Doctors Hospital of Shreveport Dental Plan, Doctors Hospital of Shreveport Vision Plan, and Doctors Hospital of Shreveport Disability Plan ("the Plans") were named as defendants pursuant to Rule 19(a) solely to assure that complete relief is granted.

Defendants Chris LeBlanc and David LeBlanc ("Defendants") were properly served on November 4, 2013, and November 25, 2013, respectively, with a copy of the summons and Complaint.

Based upon the date of service and in accordance with Federal Rule of Civil Procedure 12, Chris LeBlanc was required to file and serve his answer or otherwise respond by November 25, 2013. David LeBlanc was required to answer or otherwise respond by December 16, 2013.  As a result of Defendants' failure to file answers or otherwise respond, Plaintiff requested, pursuant to Federal Rule of Civil Procedure 55(a), that the clerk of the court enter default against Defendants. Default was entered on January 15, 2014.

On January 16, 2014, the Secretary's Counsel informed Defendants Chris and David LeBlanc that a default had been entered against them.  Counsel, however, stated that Defendants could still sign a settlement agreement, or file an answer or otherwise respond to proceed with litigation.  The correspondence informed both Defendants that a motion for default judgment would be filed after February 6, 2014, if they did not execute the settlement agreement, file an answer, or otherwise respond.  To date, said Defendants have failed to answer or otherwise plead in response to the Complaint or serve any answer or response upon Plaintiff.

Defendant Chris LeBlanc filed a "Notice of Bankruptcy" on January 20, 2014; however, as detailed in Plaintiff's Response to the Notice of Bankruptcy, this civil action is exempt from the automatic stay pursuant to 11 U.S.C. §362(b)(4).  The Secretary filed a Complaint for

**Memorandum Opinion and Order – Page 2**

Determination of Dischargeability of Debt in the Bankruptcy Court, pursuant to Section 523(a)(4) of the Bankruptcy Code, which excepts a debt from discharge if said debt was the result of defalcation by the Debtor while acting in a fiduciary capacity.  On July 29, 2014, in Adversary Proceeding No. 14-03044, Re: Case No. 14-30130-HDH-11, the bankruptcy court signed an Agreed Final Judgment Determining Non-Dischargeability of Claim Under 11 U.S.C. § 523 ("Agreed Final Judgment").

Defendants have not moved to set aside the entry of default for good cause.  Neither of the LeBlancs is a minor.  Further, neither of them is an incompetent person or member of the United States military.

## II.     Liability of Defendants Chris LeBlanc and David LeBlanc and Injunctive Relief

Defendants, by failing to answer or otherwise respond to Plaintiff's Complaint, have admitted the well-pleaded allegations of the Complaint and are precluded from contesting the established facts on appeal.  *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citations omitted). Based on the well-pleaded allegations of Plaintiff's Complaint, which the court accepts as true, the evidence submitted in conjunction with Plaintiff's Motion for Default Judgment, and the Agreed Final Judgment, the court determines that Defendants Chris LeBlanc and David LeBlanc are subject to the provisions of ERISA and violated Sections 403(c)(1), 404(a)(1)(A), 404(a)(1)(B), 406(a)(1)(D), 406(b)(1), and 406(b)(2) of ERISA, and are therefore liable for damages.  Defendants Chris LeBlanc's and David LeBlanc's violations of ERISA have caused the Plans to sustain $19,352.04 in losses for which they are personally liable pursuant to ERISA Section 409(a), 29 U.S.C. § 1109(a).

**Memorandum Opinion and Order – Page 3**

Based on their ERISA violations, their failure to participate in this lawsuit, the evidence provided by the Secretary, and the Agreed Final Judgment, the court makes the following findings and determinations:

A.      The Plans are, and were at all times hereafter mentioned, employee benefit plans within the meaning of ERISA Section 3(3), 29 U.S.C. § 1002(3). The Plans were established by, and, at all times hereinafter mentioned, were maintained by an employer engaged in commerce or in an industry or activity affecting commerce that is subject to Title I including Title I, Part 4 of ERISA pursuant to ERISA Sections 4(a)(1) and 401(a), 29 U.S.C. §§ 1003(a)(1) and 1101(a).

B.      Shreveport Doctors Hospital 2003 Ltd. d/b/a Doctors Hospital of Shreveport (the "Employer") was a small hospital that operated a specialized addiction disease unit. Simba Ventures Hospital LA, LLC (the "Company") owned and operated the Employer under its own name until the business was reorganized as result of a Chapter 11 filing in 2007. The State of Louisiana revoked the Employer's license to operate the addiction unit on December 31, 2009.

C.      From December 5, 2009, through February 13, 2010, the Hospital/Employer deducted employee contributions and premiums from employee wages and failed to forward them to the 401(k) Plan and failed to pay the health insurance premiums to the insurance providers of the Health Plan, the Dental Plan, the Vision Plan, and the Disability Plan ("welfare plans"). The welfare plans were canceled after the providers did not receive premiums. The employee contributions that were deducted from employees' wages were never forwarded to the Plans.

D.      The Summary Plan Description and Forms 5500 identify the Hospital/Employer as the Plan Sponsor and/or Plan Administrator for the Plans. Per Section 3(16)(A)(ii), the Plan Sponsor is the Plan Administrator in the absence of a specific designation. Here, the individual operating/managing the Plan Sponsor (Hospital/Employer) on behalf of the Plans is the Plan

**Memorandum Opinion and Order – Page 4**

Administrator. Defendant Chris LeBlanc operated the Hospital/Employer and is identified as the managing partner and principal of the Hospital/Employer in the Summary Plan Description for the 401(k) Plan. In correspondence regarding the Plans, Chris LeBlanc identified himself as the CEO, managing partner, and majority owner. Chris LeBlanc was the Plan Administrator for all of the Plans and handled all responsibilities for the Plans on behalf of the Hospital/Employer. Defendant Chris LeBlanc acknowledged that he made the decisions regarding Plan operations and accepted responsibility to pay back the Plans. David LeBlanc is identified in the Summary Plan Description as the 401(k) Plan Trustee. David LeBlanc also identified himself as a Plan Administrator in correspondence regarding the 401(k) plan.

E.    The employee contributions that were withheld from employees' wages from December 5, 2009 through February 13, 2010, were used for general operating expenses of the Hospital/Employer and other non-Plan purposes. Similarly, employee premium payments were not remitted to insurance carriers for the Health, Dental, Vision, and Disability Plans but instead were used for general operating expenses of the Hospital/Employer.

F.    At all times relevant to this action, Defendants Chris and David LeBlanc exercised discretionary authority, control, and responsibility over management and administration of the Plans and had actual control over Plan assets. Defendants Chris and David LeBlanc are fiduciaries and parties in interest with respect to the Plan.

G.    Beginning on December 5, 2009, and continuing through February 13, 2010, Defendants Chris LeBlanc and David LeBlanc failed to ensure that all employee contributions and Plan assets were remitted to the Plans both timely and completely and failed to undertake efforts to pursue or protect the Plans' rights to collect employee contributions owed to the Plans.

H. As a result, the Plans sustained losses for which Defendants Chris LeBlanc and David LeBlanc are liable as fiduciaries. Plan losses attributed to the Defendants' breaches consist of losses and lost opportunity costs. To date, Defendants have not made any restitution.

I. Defendants Chris LeBlanc and David LeBlanc **shall** make restitution by paying 56 participants listed on Exhibit C, Attachment 1, Plaintiff's Motion for Default Judgment, in the dollar amounts indicated, totaling $19,352.04 (which includes interest and lost earnings) within 30 days of the entry of the Default Judgment. Further, within fifteen (15) calendar days from the payments made pursuant to this paragraph, Defendants **shall** provide to the Secretary via first class mail proof of such payment in the form of canceled checks, wire transfer receipts, or other indicia of actual payment to the United States Department of Labor, Employee Benefits Security Administration, Attention: Mary Prouty, 525 S. Griffin Street, Suite 900, Dallas, Texas 75202.

J. The court **concludes** that a permanent injunction is necessary to prohibit the LeBlancs from engaging in the type of illegal conduct herein described in the future. Accordingly, the court permanently **enjoins** Defendants Chris LeBlanc and David LeBlanc from violating the provisions of ERISA; and permanently **enjoins** Defendants Chris LeBlanc and David LeBlanc from acting as a fiduciary to any other employee benefit plan covered by ERISA.

### III. Conclusion

For the reasons herein stated, the court determines that Plaintiff is entitled to a default judgment and **grants** Plaintiff's Motion for Default Judgment. As required by Federal Rule of Civil Procedure 58, the court will issue a default judgment by separate document. The court **directs** the clerk of court to **close** this action.

**It is so ordered** this 13th day of February, 2015.

                                          _____
                                          Sam A. Lindsay
                                          United States District Judge